UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 17-5134-GW(JCx) | Date | September 14, 2017 |
|---|---|---|---|
| Title | *Lorraine Arellano v. Wal-Mart Stores, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Cecilia Son | Seth Ort |

**PROCEEDINGS:** **PLAINTIFF LORRAINE ARELLANO'S MOTION FOR AN ORDER TO REMAND TO STATE COURT [12]**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court would GRANT Plaintiff's Motion to Remand. The Court would DENY Plaintiff's request for attorney's fees of $4,800 since Defendants had objectively reasonable grounds for removal.

: 06

Initials of Preparer   JG

<u>**Arellano v. Wal-Mart Stores, Inc., et al.**</u>, Case No. CV-17-5134-GW-(JCx)
Tentative Ruling on Motion to Remand

**I. <u>Background</u>**

Plaintiff Lorraine Arellano ("Plaintiff") filed suit against Defendants Michelle Avila ("Avila"), Wal-Mart Stores, Inc. ("Wal-Mart"), Wal-Mart Associates, Inc. ("Wal-Mart Assoc."), Wal-Mart Corporate ("Wal-Mart Cor."), (collectively, "Defendants"), and Does 1-100 in the Los Angeles Superior Court. *See generally* Notice of Removal, Ex. A ("Compl."), Docket No. 1-1. The causes of action include: (1) Discrimination on the basis of age in violation of Fair Employment and Housing Act ("FEHA"); (2) Harassment on the basis of age in violation of FEHA; (3) Retaliation in violation of FEHA; (4) Disability based discrimination in violation of FEHA; (5) Disability based harassment in violation of FEHA; (6) Retaliation (for disability related complaints) in violation of FEHA; (7) Retaliation in violation of California Labor Code § 1102.5; (8) Breach of express oral contract; (9) Breach of implied-in-fact contract; (10) Wrongful termination in violation of California Labor Code § 1102.5 and FEHA § 12900 *et seq.*; (11) Failure to prevent discrimination harassment and relation in violation of FEHA; and (12) Intentional infliction of emotional distress ("IIED"). *See id.* at 1-2.

Plaintiff alleges the following:

Plaintiff is over the age of forty and suffers from diabetes and bladder cancer. *See id.* ¶ 10. She worked for Wal-Mart for seventeen years, starting in 1999 and was promoted to a Jewelry Associate in 2006. *See id.* ¶¶ 2, 8. During her first fourteen years of employment with Defendants, Plaintiff did not receive any write-ups. *See id.* ¶¶ 8-9. Plaintiff had a good relationship with her supervisors and co-workers until Avila was hired as Store Manager in 2013. *See id.* ¶ 11(a).

After Avila was hired, Avila told Plaintiff she should change her schedule to work weekend hours. *See id.* ¶ 11(b). Plaintiff told Avila that her previous managers understood she could not work weekends due to repercussions related to her bladder cancer and that she needed to take short breaks to have a snack if her sugar was low due to her diabetes. *See id.* ¶ 11(c). Avila told her she still needed to make herself available on the weekends since all other employees had to be available. *See id.* ¶ 11(d). If Plaintiff did not make herself available on weekends, her hours would be decreased. *See id.* Plaintiff refused and still sought

1

accommodation, subsequently her hours decreased from thirty to forty hours a week to twelve hours per week. *See id.* However, Plaintiff's hours were reinstated after Plaintiff spoke to the Human Resource Manager, Andrew DeJesus ("DeJesus"). *See id.* Plaintiff then realized that since Avila had started, seven employees over the age of fifty were terminated or forced to resign. *See id.* ¶ 11(e).

After Plaintiff came back from medical leave to remove tumors from her bladder in June 2014, Plaintiff's hours were cut down to between nineteen to twenty-seven hours per week. *See id.* ¶ 11(f). In September 2015, Plaintiff's management held a group meeting, where associates were threatened with the loss of their jobs if they did not work for multiple departments at the same time and were not "team players." *See id.* ¶ 11(g). Management also mentioned associates' hours and benefits would decrease if they did not comply and that "new" employees would replace them. *See id.* After this meeting, Plaintiff shared her concerns with DeJesus, who recommended she collect signatures in a petition of those affected by the meeting. *See id.* ¶ 11(h). DeJesus stated there would be no retaliation or harassment towards the employees who signed the petition. *See id.* The next day, Avila called Plaintiff into her office and told her to "get rid of the signature list." *Id.* ¶ 11(i). Avila reiterated this and told Plaintiff to stop "harassing" other employees. *Id.*

After, Avila began assigning Plaintiff to departments she had no expertise in and when Plaintiff did not perform well or as quickly as desired, Avila would give Plaintiff "coaching sessions" and warnings. *See id.* ¶ 11(j). Plaintiff started to suffer stress and serious anxiety from the "micro managing and harassment" and her doctor recommended she be put on light duty. *Id.* Avila told her to take a three-week medical leave instead. *See id.*

When Plaintiff came back from medical leave she was written up two times for minor performance issues by Avila in June and August 2016. *See id.* ¶ 11(k). In September 2016, Plaintiff was reprimanded after going to McDonald's on her break to get a snack after feeling dizzy and realizing her blood sugar was low. *See id.* Avila told Plaintiff she was "stealing company time." *Id.* ¶ 12. Plaintiff was terminated on November 10, 2016. *See id.* Plaintiff filed a timely administrative complaint with the Department of Fair Employment and Housing ("DFEH") and received a right-to-sue letter. *See id.* ¶ 17.

Plaintiff filed suit in Los Angeles Superior Court on June 1, 2017. *See generally id.* Defendants timely removed this action on July 12, 2017. Notice of Removal ("NOR"), Docket

No. 1.  Now pending before the Court is Plaintiff's Motion to Remand ("Mot.") brought on the grounds that there is not complete diversity of parties; Defendants did not prove Plaintiff's citizenship; Defendants did not prove Plaintiff could not amend her complaint; and Defendants failed to establish that the amount in controversy exceeds $75,000.  *See* Docket No. 12.  Defendants oppose the Motion.  *See* Defendants' Opposition to Plaintiff's Motion for an Order to Remand to State Court ("Opp'n"), Docket No. 18.  Plaintiff filed a Reply.  *See* Reply, Docket No. 19 ("Reply").

## II. Legal Standard

"Federal courts are courts of limited jurisdiction," and have subject matter jurisdiction only to the extent "authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986)).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)).  The removal statute is strictly construed against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## III.  Analysis

Defendants removed the case on diversity grounds and contend that complete diversity of citizenship exists because the only named, non-diverse Defendant (Avila), was fraudulently joined as a "sham defendant."  NOR ¶¶ 6, 9, 40.  Defendants also contend that the amount in controversy exceeds $75,000. NOR ¶¶ 6, 9, 40.  Plaintiff argues that the Court must remand the case back to state court because (1) Defendants failed to establish that complete diversity existed at the time of removal; (2) Defendants failed to establish Plaintiff could not amend her complaint to recover ultimately against Avila; and (3) Defendants failed to demonstrate the amount in controversy exceeds $75,000[1].  *See generally* Mot. at 1-3.

---

[1] Plaintiff's Motion also seeks attorney's fees.

### A. Amount in Controversy

To invoke diversity jurisdiction, the party asserting jurisdiction must show the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). "While a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, evidence establishing the amount is required once the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).

Once the plaintiff contests, or the court questions the allegation and where "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000." *Kroske v. U.S. Bank Corp.*, 432 F.3d 876, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006) (quoting *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)). *Id.* "The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract." *Id.* (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998)). Settlement communications between the parties may be used to prove amount in controversy. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").

Here, the Complaint does not state the amount in controversy. *See generally* Complaint. Plaintiff only alleges that the amount demanded exceeds $25,000. *See id.* at page 24. Defendants' NOR asserts that the actual amount in controversy exceeds $75,000. NOR ¶ 40.

Defendants argue the amount in controversy requirement is met through the nature of relief sought by Plaintiff and evidence of purported attorney's fees. *See id.* ¶¶ 47, 48, 50. As to the former, it is observed that the Compliant covers the period from 2013 through 2016 and contains twelve causes of action including claims for wrongful termination, violations of California Labor Codes, lost wages, discrimination, harassment, emotional distress and punitive damages. In this Court's experience, such claims, if proven, have resulted in awards over

4

$75,000. Defendants also provide a settlement demand letter in which Plaintiff's counsel states that he had previously secured $500,000-$1,000,000 in attorney's fees alone in FEHA cases, and that Plaintiff would be "entitled to attorneys' fees in a similar range upon prevailing at trial." *Id.* ¶ 50. Plaintiff responds that the claims made in the letter are insufficient evidence. *See* Mot. at 14. However, it appears that the letter contains a reasonable estimate of what Plaintiff's counsel believes the case is worth, as represented in possible attorney's fees. *See Cohn*, 281 F.3d at 840. Thus, the Court would find that Defendants have met the burden of establishing the amount of controversy exceeds $75,000.

### B. Diversity of Citizenship

Removal under 28 U.S.C. § 1332 also requires complete diversity of citizenship. *See* 28 U.S.C. §§ 1332(a), 1441. This means that no defendant can be a citizen of the same state as any plaintiff. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence . . . of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction."). "A United States citizen is a citizen of the state in which she is domiciled." *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).

"A party's residence is 'prima facie' evidence of domicile." *Lopez v. Nationstar Mortgage LLC*, No. CV-15-03288-MWF (AJWx), 2015 WL 6478263, *2 (C.D. Cal. Oct. 26, 2015) (citing *Zavala v. Deutsche Bank Trust Co. Americas*, No. CV-13-1040 LB, 2013 WL 3474760, *3 (N.D. Cal. July 10, 2013) (citation omitted)). "In the absence of evidence to the contrary, a party will be treated as a citizen of its state of residence for federal diversity purposes." *Id.*

Here, Plaintiff argues Defendants did not sufficiently allege Plaintiff was a citizen of California. Mot. 5-6. Defendants counter that Plaintiff is a citizen of California because Plaintiff currently resides and "at all times relevant resided in California." Opp'n at 2. Plaintiff fails to provide evidence to the contrary. Mot. 5-6. As a result, the Court would find Defendants have provided, un-rebutted, prima facie evidence of domicile and that Plaintiff can be treated as a citizen of California. *See Lopez*, WL 7478263, at *2.

#### 1. Fraudulent Joinder

Plaintiff names California citizen Avila as a Defendant in this action, which would ordinarily destroy diversity. However, Defendants contend that Avila has been fraudulently joined.

"[O]ne exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent," and the citizenship of that defendant can be ignored for the purposes of having complete diversity. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). However, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

"A defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)). Stated in a different way, unless a plaintiff has no possibility of establishing liability against a defendant, a court must reject a fraudulent joinder argument. *See Hunter*, 582 F.3d at 1044-45 (9th Cir. 2009); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998).

Several courts in this district have gone so far as to say that where the alleged deficiencies in the non-diverse claim are purely factual, as opposed to legal, remand is required. *See, e.g.*, *Ontiveros v. Michaels Stores, Inc.*, 2013 WL 815975, *6 (C.D. Cal. March 5, 2013) ("While [defendant's] argument might prevail in the context of a motion to dismiss, it does not suffice to support removal on the basis of fraudulent joinder. Even if the complaint does not allege sufficient facts to plead a viable harassment claim, [defendant] has not shown that [plaintiffs] could not amend to add additional allegations of harassment."); *Stanbrough v. Georgia-Pacific Gypsum LLC*, No. CV-08-08303-GAF(AJWx), 2009 WL 137036, *2 (C.D. Cal. January 20, 2009) (remanding case where "the complaint's shortcomings" with respect to individual defendant supervisor were "strictly factual"); *Birkhead v. Parker*, No. C-12-2264-CW,

2012 WL 4902695, *4 (N.D. Cal. October 15, 2012) ("Defendants have failed to show that Plaintiff would not be afforded leave to amend the complaint to cure the insufficient allegations of extreme or outrageous conduct to support a claim of intentional infliction of emotional distress against Parker."). Finally, "[i]n determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." *Plute*, 141 F. Supp. 2d at 100.

Here, the Plaintiff brings age-based and disability-based harassment claims against her supervisor, Defendant Avila as well as an IIED claim. For the reasons detailed below, the Court would find that Defendants fail to carry the heavy burden of establishing that Avila was fraudulently joined.

### 2. Age-based and Disability-based Harassment Causes of Action

Under California law, individual supervisors may be held liable for harassment in violation of FEHA. *See* Cal. Gov't Code § 12940 (j)(1)-4(a). To establish disability or age-based harassment, a plaintiff must establish she was subjected to offensive conduct based on her disability or age and which was "so severe or pervasive" as to "alter the terms and conditions of the victim's employment and create an abusive working environment." *Aguilar v. Avis Rent a Car System, Inc.*, 21 Cal.4th 121, 130 (1999). Generally, the presence of a hostile environment is a question of fact for the jury. *See Nazir v. United Airlines, Inc.*, 178 Cal.App.4th 243, 264 (2009). However, a supervisor may not be held liable for harassment if the conduct in question is "necessary for management of the employer's business or performance of the supervisory employee's job." *Janken v. GM Hughes Elecs.*, 46 Cal.App.4th 55, 63 (1996). Whether a harassing act falls within the scope of employment is also generally a question of fact reserved for the jury. *Christ v. Staples, Inc.*, No. CV 14-07784 MMM (JEMx), 2015 WL 248075, *7 (C.D. Cal. Jan. 20, 2015) (citing *Smith v. Staples Contract & Commercial, Inc.*, No. CV 14-07836-AB (ASx), 2014 WL 7333421, *6 (C.D. Cal. Dec. 19, 2014) (citing *Myers v. Trendwest Resorts, Inc.*, 148 Cal.App.4th 1403, 1428 (2007))).

Defendants acknowledge that under California law, individual supervisors may be held liable for harassment in violation of FEHA. NOR ¶ 26. Nevertheless, Defendants argue Plaintiff did not sufficiently allege that she suffered severe and pervasive harassment by Avila. NOR ¶ 26. In addition, Defendants argue Plaintiff is unable to state a harassment cause of action against Avila because Plaintiff's harassment allegations all concern personnel decisions, the

performance of which cannot give rise to liability. *See* NOR ¶¶ 24-25 (quoting *Reno v. Baird*, 18 Cal.4th 640, 645 (1998)). Plaintiff counters that Avila's actions went outside the scope of Avila's employment and are at least potentially sufficiently severe and pervasive to state a cause of action for harassment. *See* Mot. at 10-11. Plaintiff also argues that she could amend the complaint to include additional factual allegations concerning Avila's conduct toward her. *Id.* at 13:20-28.

There is no clear Ninth Circuit authority as to whether a court assessing the fraudulent joinder standard in this context, may, or in fact should consider a plaintiff's potential ability to amend the Complaint to sufficiently state a cause of action against a non-diverse defendant. As a result, there is no consensus among district courts in the Circuit.[2] The Ninth Circuit has only explicitly addressed the role of amended pleadings for the purposes of removal jurisdiction in cases that involved post-removal amendments filed in Federal Court filed to evade Federal Question jurisdiction. *See, e.g.*, *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (reversing district court that granted motion to remand where plaintiff amended complaint after removal to eliminate federal causes of action); *Sparta v. Surgical Corp. v. NASD*, 159 F.3d 1209, 1213 (9th Cir. 1998) (rejecting argument that post removal amendment eliminated federal jurisdiction by "deleting" references to federal claims); *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 (9th Cir. 2000*); see also O'Halloran v. Univ. of Washington*, 856 F.2d 1375, 1379 (9th Cir. 1988) ("In determining the existence of removal jurisdiction, based upon a federal question [the court] must look to the complaint as of the time the removal petition was filed.").

Here, the issue is somewhat different and can be stated as follows: Should the Court hold that Avila is fraudulently joined even if Plaintiff could potentially amend the complaint to state a cause of action for harassment?

Faced with similar facts, one district court granted a motion to remand because it could not "conclude that Plaintiff ha[d] no possibility of prevailing on [a] claim" concerning a disability-based harassment claim given the Defendant admitted that supervisors could be held liable for harassment. *Ressler v. La Petite Acad. Inc.*, No. 2:14-CV-09089, 2015 U.S. Dist. Lexis 10493, *5 (C.D. Cal. Jan. 29, 2015); *see also id.* ("[A]ny doubts concerning the sufficiency of a

---

[2] *See supra* pp. 6-7 (citing cases remanding because plaintiffs could amend); *see also infra* n. 3 (cases denying remand where allegations failed to survive a 12(b)(6) analysis).

cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand."). In determining that remand was proper, the court in *Ressler* also concluded that arguments concerning sufficient allegations were better suited for a demurrer or motion to dismiss rather than a notice of removal. *Id.* at *5-6 (citing *Vincent v. First Republic Bank Inc.*, No. C10-01212 WHA, 2010 WL 1980223, *4 (N.D. Cal. May 27, 2010) ("While plaintiff's allegations may fall short of proving outrageous conduct, this order cannot conclude that plaintiff has absolutely no possibility of stating a claim, if afforded an opportunity to amend.")); *see also Gupta v. IBM*, No. 5:15-cv-05216-EJD, 2015 U.S. Dist. LEXIS 169088, *7-8 (N.D. Cal. December 16, 2015) ("[W]hile it may be that the current allegations potentially raise the privilege, Defendants did not establish that Plaintiff would not be afforded the opportunity to re-plead the claim, as he intends to do."). *Ressler* is consistent with several other courts in this district that granted motions to remand because of a plaintiff's potential ability to amend the complaint in state court to fix factual deficiencies in the initial complaint[3]. *See, e.g.*, *Ontiveros*, 2013 WL 815975, *6; *Stanbrough*, 2009 WL 137036, *2; *Birkhead*, 2012 WL 4902695, *4 (C.D. Cal. October 15, 2012).

Here, Defendants concede that Plaintiff may sue Avila as an individual under FEHA. Defendants instead contend that, as pled, Plaintiff fails to state a harassment claim against Avila. However, Defendants must do more to establish fraudulent joinder: they must prove there is no *possibility* of recovery. *See Padilla*, 697 F. Supp. 2d at 1159; *see also Hunter*, 582 F.3d at 1044-45 (9th Cir. 2009). Defendants' only argument for why Plaintiff could not fix any deficiencies through amendment relies on a strained and self-serving interpretation of a statement by Plaintiff's counsel that "the Motion to Remand would be based on 'the same set of facts' upon which…removal was based." *See* Declaration of James T. Conley, Docket No. 18-1 ("Conley Declaration") ¶ 4; Opp'n 6:16-18. Defendants contend this statement forecloses the possibility

---

[3] Not surprisingly, Defendants cite to district court cases which did denied motions to remand. However, the Court does not find these cases compelling as they are either factually dissimilar to the case at bar, or analyze the plaintiff's claim purely through the lens of the 12(b)(6) standard. *See, e.g.*, *Martinez v. Schneider Logistics Transloading & Distrib., Inc.*, No. 5:16-01886 JGB (DTBx), 2016 WL 6833911, *4 (C.D. Cal. Nov. 18, 2016) (motion to remand denied after Plaintiff amended complaint and still did not plausibly allege any facts that would subject Defendant to individual liability for harassment); *Gorom v. Old Dominion Freight Line Inc.*, No. 2:12–cv–08374–SVW–AGR, 2013 WL 195377, *4 (C.D. Cal. Jan. 17, 2013) (motion to remand denied on factual allegations that only included a transfer denial and requiring plaintiff to attend a meeting); *Hurd v. Am. Income Life Ins.*, No. 2:13–cv–5205–RSWL–MRW, 2013 WL 5575073, at *4 (C.D. Cal. Oct. 10, 2013) (motion to remand denied on facts that included supervisor discussed medical leave over the phone and stated a preference to not communicate matters over text messages).

that Plaintiff can amend to include additional allegations of harassment. *Id.* Having reviewed the declaration testimony presented, the Court disagrees with Defendants' characterization of Counsel's statements and does not find that such statements foreclose the possibility of amendment. As a result, the Court would find that Defendants fail to meet the high burden of proving that there is no possibility of Plaintiff recovering from Avila on her harassment claims.

At most, Defendants have cast doubt over the factual sufficiency of Plaintiff's current allegations. Such a showing is not enough to establish fraudulent joinder. *See, e.g.*, *Ontiveros*, WL 815975, *6 ("While [defendant's] argument might prevail in the context of a motion to dismiss, it does not suffice to support removal on the basis of fraudulent joinder."); *Stanbrough*, 2009 WL 137036, *2; *Birkhead, v. Parker*, 2012 WL 4902695, *4 ("Defendants have failed to show that Plaintiff would not be afforded leave to amend the complaint to cure the insufficient allegations of extreme or outrageous conduct to support a claim of intentional infliction of emotional distress against Parker.") Moreover, Plaintiff's ability to amend and/or her ability to survive a demurrer is better suited for state court, particularly given that Plaintiff's individual harassment claims are likely to turn on questions of fact. *See Myers*, 148 Cal.App.4th at 1428 ("Ordinarily, scope of employment presents a question of fact…."); *Nazir*, 178 Cal.App.4th at 264 ("[T]he issue of whether an employee was subjected to a hostile environment is ordinarily one of fact.").

In sum, Defendants have not met the high burden of demonstrating that Avila was fraudulently joined for the age and disability-based harassment claims. Accordingly, the Court cannot disregard Avila's citizenship, complete diversity is destroyed, and the Court lacks subject matter jurisdiction over this action. *See* 28 U.S.C. 1332(a).

### 3. IIED Cause of Action

Because the Court has determined that complete diversity is destroyed as Avila is not a "sham defendant" based on the harassment claims alone, the Court will leave the potential merits of Plaintiff's IIED claim to the state court. *See, e.g.*, *Smith*, 2014 WL 7333421, *8; *Okuda v. Kaiser Permanente,* No. 3:13–CV–872–PK, 2013 WL 3216115, *1 (D. Or. June 21, 2013) ("[T]his court lacks subject-matter jurisdiction over plaintiff's action ... and therefore lacks authority to consider the merits of plaintiff's claims.").

## IV. Conclusion

For the foregoing reasons, the Court would GRANT Plaintiff's Motion to Remand the

case to state court. The Court would DENY Plaintiff's request for attorney's fees of $4,800 since Defendants had objectively reasonable grounds for removal. *See Martin v. Franklin Capital Corp*. 546 U.S. 132, 136 (2005) ("Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.").